UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: **15-20339**

CR-GAYLES

18 U.S.C. § 1349
18 U.S.C. § 1341
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 371
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)
31 U.S.C. § 5317(c)(1)

FILED by _____ D.O.
MAY 07 2015
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI



UNITED STATES OF AMERICA

vs.

**MATTHEW PISONI,**
**MARCUS PRADEL,**
**JOHN LEON, and**
**VICTOR RAMIREZ,**

      **Defendants.**

_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At various times relevant to this Indictment:

1.  Mail Tree Inc. ("Mail Tree"), Michael McKay Co. ("Michael Mckay"), Spin Mail, Inc. ("Spin Mail"), Trans National Concepts, Inc. ("Trans National"), Fort Knox Marketing, LLC ("Fort Knox"), Romeria Global, LLC ("Romeria"), Supreme Media, LLC ("Supreme"), and Vernier Holdings, Inc. ("Vernier") were corporations registered in the State of Florida.

2.      Defendant **MATTHEW PISONI** was an owner, officer, and director of Mail Tree, Michael McKay, Spin Mail, and MCP Marketing Activities, LLC ("MCP").   **PISONI** did business and acted through Mail Tree, Michael McKay, Spin Mail, and MCP.

3.      Defendant **MARCUS PRADEL** was an owner, officer, and director of Mail Tree, Michael McKay, Spin Mail, Fort Knox, and Trans National.   **PRADEL** did business and acted through Mail Tree, Michael McKay, Spin Mail, and Trans National.

4.      **MATTHEW PISONI** and **MARCUS PRADEL** opened bank accounts at Bank United and Wells Fargo Bank (f/k/a "Wachovia Bank, N.A."), in Broward County, in the name of Michael Mckay.

5.      Defendant **JOHN LEON** was an owner, officer, and director of Michael Mckay, Romeria Global, Supreme Media, and Vernier Holdings.   **LEON** did business and acted through Mail Tree, Spin Mail, Trans National, Romeria Global, Supreme Media, and Vernier Holdings.

6.      Defendant **VICTOR RAMIREZ** was an owner, officer, and director of Awards Research Consultant and LX Services.   **RAMIREZ** did business and acted through Mail Tree, Michael McKay, Spin Mail, LX Services and Awards Research Consultant.

7.      Mail Tree, Spin Mail, Michael Mckay, Trans National, MCP, Romeria Global, Supreme Media, Vernier Holdings, LX Services, and Awards Research Consultant operated and did business under fictitious names, including, but not limited to Asset Awards Company (AAC), Awards Opportunity Group (AOG), Corporate Accounting Authority (CAA), Prize Information Exchange (PIE), Towne Operating Partners (TOP), and Information Reporting Group (IRG).

## COUNT 1
### Conspiracy to Commit Mail Fraud
### (18 .S.C. § 1349)

1.      Paragraphs 1 through 7 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.      From in or around January 2008, through in or around July 2014, in Miami Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**MATTHEW PISONI,**
**MARCUS PRADEL,**
**JOHN LEON,**
**and**
**VICTOR RAMIREZ,**

did willfully, that is, with the intent further the object of the conspiracy, and knowingly combine, conspire, confederate and agree with each other and others, known and unknown to the Grand Jury, to commit mail fraud, that is, to knowingly, and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses,  representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, knowingly caused to be delivered certain mail matter by United States mail and by private and commercial interstate carrier, according to the directions thereon, in violation of Title 18, United States Code, Section 1341.

### PURPOSE OF THE CONSPIRACY

3.      It was the purpose of conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by: (a) falsely informing victims that they had won and were entitled to claim a substantial prize in a sweepstakes or lottery; (b) fraudulently inducing the

victims to pay fees in advance of receiving their purported sweepstakes or lottery winnings; and (c) thereafter keeping the victims' money for the defendants' and their co-conspirators' personal use and benefit.

**MANNER AND MEANS OF THE CONSPIRACY**

The manner and means by which **MATTHEW PISONI, MARCUS PRADEL, JOHN LEON, VICTOR RAMIREZ,** and their co-conspirators sought to accomplish the purpose and object of the conspiracy included, among others, the following:

4.     **MATTHEW PISONI**, **JOHN LEON, MARCUS PRADEL, VICTOR RAMIREZ,** and their co-conspirators created and sent, and caused to be created and sent, by United States mail and private and commercial interstate carrier, letters falsely and fraudulently informing victims in the United States and abroad that they had won prizes worth a substantial sum of money in a sweepstakes or lottery (hereinafter "prize announcement letters").

5.     In order to further create the false and fraudulent impression that the victims won and would receive a substantial cash prize, **MATTHEW PISONI, JOHN LEON, MARCUS PRADEL, VICTOR RAMIREZ** and their co-conspirators represented and caused others to represent in the prize announcement letters that victims had been specially selected to receive the prize.   In some cases, the prize announcement letters falsely and fraudulently represented that the winnings were "guaranteed," documented," or "verified."

6.     The prize announcement letters further falsely and fraudulently represented to the victims that the victims needed to pay fees ranging from twenty dollars to fifty dollars in order to collect their purported sweepstakes or lottery winnings. To this end, **MATTHEW PISONI, JOHN LEON, MARCUS PRADEL, VICTOR RAMIREZ** and their co-conspirators included

4

a short form attached to and included with the prize announcement letter for victims to complete and return with their payment by United States mail and private and commercial interstate carrier.   The forms falsely and fraudulently suggested that the purpose of the form was for the victims to claim their purported lottery winnings.

7.      Each prize announcement letter and short form represented that the letter and short form were sent from, and payment should be made to, one of the fictitious company names used by **MATTHEW PISONI, JOHN LEON, MARCUS PRADEL, VICTOR RAMIREZ** and their co-conspirators, including, for example, AOG, PIE, CAA, AAC, TOP, and IRG.

8.      Along with the prize announcement letters and short forms, **MATTHEW PISONI, JOHN LEON, MARCUS PRADEL, VICTOR RAMIREZ** and their co-conspirators included return envelopes addressed to mailboxes they controlled, directly and indirectly, in the Southern District of Florida and elsewhere. The victims were instructed to use the return envelopes to make their payments.

9.      **VICTOR RAMIREZ** hired and directed individuals ("runners") to incorporate shell companies and corresponding mailboxes, in the Southern District of Florida and elsewhere, in order to receive the payments from the victims. The runners also opened bank accounts in the names of the shell companies, at **RAMIREZ**'s direction, in order to receive payments from the victims.   The bank accounts were controlled by **RAMIREZ**.

10.      At **VICTOR RAMIREZ's** direction, the runners would collect from the mailboxes the checks, currency, and related short forms received from the victims and would forward the payments to **RAMIREZ** in the Southern District of Florida.   In some cases, the runners deposited victim payments into the bank accounts the runners had opened for the benefit

of **RAMIREZ** and his co-conspirators, or into other bank accounts controlled by **MATTHEW PISONI, MARCUS PRADEL, JOHN LEON,** and **RAMIREZ.**

11.     **MATTHEW PISONI, MARCUS PRADEL, JOHN LEON,** and **VICTOR RAMIREZ** and their co-conspirators set up accounts with payment processing companies abroad who would receive the checks and currency payments made by the victims, collect a processing fee, and wire the money to bank accounts in the United States controlled directly and indirectly by **PISONI, PRADEL, LEON,** and **VICTOR RAMIREZ.**

12.     Over the course of the conspiracy, the defendants and their co-conspirators falsely and fraudulently collected more than 12 million dollars from over 100,000 victims, keeping the fraudulently obtained funds for their personal use and benefit and to further the fraud.

All in violation of Title 18, United States Code, Section 1349.

**COUNTS 2 - 5**
**Mail Fraud**
**(18 U.S.C. § 1341)**

1.     Paragraphs 1 through 7 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.     From in or around January 2008, through in or around July 2014, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**MATTHEW PISONI,**
**MARCUS PRADEL,**
**JOHN LEON,**
**and**
**VICTOR RAMIREZ,**

did knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses,

6

representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, and attempting so to do, knowingly caused to be delivered certain mail matter by United States mail and by private and commercial interstate carrier, according to the directions thereon, in violation of Title 18, United States Code, Section 1341.

## PURPOSE OF THE SCHEME AND ARTIFICE

3.       It was the purpose of the scheme and artifice for the defendants and their accomplices to unlawfully enrich themselves by: (a) falsely informing victims that they had won and were entitled to claim a substantial prize in a sweepstakes or lottery; (b) fraudulently inducing the victims to pay fees in advance of receiving their purported sweepstakes or lottery winnings; and (c) thereafter keeping the victims' money for the defendants' and their co-conspirators' personal use and benefit.

## THE SCHEME AND ARTIFICE

4.       Paragraphs 4 through 12 of the Manner and Means Section of Count 1 are realleged and reincorporated by reference herein as a description of the scheme and artifice.

## USE OF THE MAILS

5.       On or about the dates enumerated below, the defendants, for the purpose of executing and in furtherance of the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly cause to be delivered certain mail matter by United States mail and private and commercial carrier, according to the directions thereon, as more particularly described below:

7

| COUNT | APPROX. DATE | DESCRIPTION OF MAILING |
|-------|--------------|------------------------|
| 2 | August 2, 2010 | Letter from Asset Awards Company (AAC) sent via U.S Mail to P.O. Box 025636, Miami, FL |
| 3 | November 8, 2010 | Check #1268, made payable to Towne Operating Partners (TOP), sent via U.S. Mail to P.O. Box 9628, Fort Lauderdale, FL |
| 4 | May 15, 2012 | Check #0950, made payable to CAA, sent via U.S. Mail to P.O. Box 25220, Miami, FL |
| 5 | June 23, 2014 | Check #609, made payable to IRG, sent via U.S. Mail to P.O. Box 25220, Miami, FL |

In violation of Title 18 United States Code, Sections 1341 and 2.

## COUNT 6
### Money Laundering Conspiracy
### (18 .S.C. § 1956(h))

1.      Paragraphs 1 through 7 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      From in or around January 2008, through in or around July 2014, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**MATTHEW PISONI,**
**MARCUS PRADEL,**
**JOHN LEON,**
**and**
**VICTOR RAMIREZ,**

did knowingly and willfully, that is, with the intent to further the objects of the conspiracy, combine, conspire, confederate, and agree with each other and others, known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1956, that is:

8

(a) to knowingly conduct a financial transaction affecting interstate commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in such financial transaction represented the proceeds of some form of unlawful activity, and knowing that such financial transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(l)(B)(i); and

(b) to knowingly transport, transmit, and transfer a monetary instrument and funds from a place in the United States to a place outside the United States, and to a place in the United States from a place outside the United State, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

It is further alleged that the specified unlawful activity is conspiracy to commit mail fraud and mail fraud, in violation of Title 18, United States Code, Sections 1349 and 1341.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 7-12
### Money Laundering
### (18 U.S.C. § 1956(a)(1)(B)(i))

1.      Paragraphs 1 through 7 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.      On or about the dates specified as to each count below, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**MATTHEW PISONI,**
**MARCUS PRADEL,**
**JOHN LEON,**
**and**
**VICTOR RAMIREZ,**

as specified in each count below, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, as set forth below:

| COUNT | APPROX. DATE | DEFENDANT(S) | DESCRIPTION OF FINANCIAL TRANSACTIONS |
|---|---|---|---|
| 7 | June 3, 2010 | **MATTHEW PISONI, MARCUS PRADEL, and JOHN LEON** | $15,000 check signed by JOHN LEON, deposited into Mail Tree Bank of America account x1726. |
| 8 | June 23, 2010 | **MATTHEW PISONI, MARCUS PRADEL, and JOHN LEON** | $15,000 check signed by JOHN LEON, deposited into Mail Tree Bank of America account x1726. |

10

| COUNT | APPROX. DATE | DEFENDANT(S) | DESCRIPTION OF FINANCIAL TRANSACTIONS |
|-------|--------------|--------------|----------------------------------------|
| 9 | June 29, 2010 | **MATTHEW PISONI, MARCUS PRADEL, and JOHN LEON** | $15,000 check signed by JOHN LEON, deposited into Mail Tree Bank of America account x1726. |
| 10 | January 11, 2011 | **MATTHEW PISONI and VICTOR RAMIREZ** | $20,000 check signed by J.G. and deposited into MCP Marketing Bank of America account x0437. |
| 11 | May 7, 2012 | **VICTOR RAMIREZ** | $30 check signed by R.C., made payable to C.A.A. and deposited into TD Bank account x4333. |
| 12 | April 11, 2014 | **VICTOR RAMIREZ** | Wire transfer in the amount of $11,000 to Merchandise Warehouse Bank of America account x8422. |

It is further alleged that the specified unlawful activity is conspiracy to commit mail fraud and mail fraud, in violation of Title 18, United States Code, Sections 1349 and 1341.

In violation of Title 18, United States Code, Section 1956(a)(l)(B)(i) and 2.

## COUNT 13
### Conspiracy to Structure Transactions to Avoid Reporting Requirements
### (18 U.S.C. § 371)

1.      Under federal law, specifically, the Bank Secrecy Act, codified at Title 31, United States Code, Sections 5313-5326, and its related federal regulations ("BSA"), financial institutions were required to file with the Treasury Department a "currency transaction report"

11

("CTR"), FINCEN Form 104, for each financial transaction that involved United States currency in excess of $10,000. Covered financial transactions included deposits, withdrawals, check cashing, or other transactions involving the physical transfer of currency from one person to another.

2.      Before concluding any financial transaction with respect to which a CTR was required, a financial institution was required to verify and accurately record the name and address of the individual presenting a financial transaction, as well as accurately record the identity, social security, or taxpayer identification number of any person or entity on whose behalf such financial transaction was to be effected.

3.      A person "structured" a transaction if that person acting alone, or on behalf of other persons, conducted or attempted to conduct one or more transactions, at a financial institution, involving cash or currency in an amount greater than $10,000.00 by intentionally arranging a series of separate transactions, each one involving less than $10,000.00, for the purpose of evading the currency reporting requirements that would have applied if fewer transactions had been made.

4.      JPMorgan Chase Bank is a "financial institution" as defined by Title 31, United States Code, Section 5312.

5.      From on or about January 4, 2012, through on or about March 27, 2012, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**VICTOR RAMIREZ,**

did knowingly and willfully, that is, with the intent to further the object of the conspiracy, combine, conspire, and agree with J.G., F.D.R., and others, known and unknown to the Grand

("CTR"), FINCEN Form 104, for each financial transaction that involved United States currency in excess of $10,000.  Covered financial transactions included deposits, withdrawals, check cashing, or other transactions involving the physical transfer of currency from one person to another.

2.      Before concluding any financial transaction with respect to which a CTR was required, a financial institution was required to verify and accurately record the name and address of the individual presenting a financial transaction, as well as accurately record the identity, social security, or taxpayer identification number of any person or entity on whose behalf such financial transaction was to be effected.

3.      A person "structured" a transaction if that person acting alone, or on behalf of other persons, conducted or attempted to conduct one or more transactions, at a financial institution, involving cash or currency in an amount greater than $10,000.00 by intentionally arranging a series of separate transactions, each one involving less than $10,000.00, for the purpose of evading the currency reporting requirements that would have applied if fewer transactions had been made.

4.      JPMorgan Chase Bank is a "financial institution" as defined by Title 31, United States Code, Section 5312.

5.      From on or about January 4, 2012, through on or about March 27, 2012, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**VICTOR RAMIREZ,**

did knowingly and willfully, that is, with the intent to further the object of the conspiracy, combine, conspire, and agree with J.G., F.D.R., and others, known and unknown to the Grand

Jury, to commit an offense against the United States, that is, to knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and any regulation promulgated thereunder, structure and assist in structuring a transaction with one or more domestic financial institutions, as part of a pattern of illegal activity involving more than one hundred thousand dollars ($100,000.00) in a twelve (12) month period, in violation of Title 31, United States Code, Sections 5324(a)(3) and 5324(d)(2).

### PURPOSE OF THE CONSPIRACY

6.     The purpose of the conspiracy was for **VICTOR RAMIREZ** and his co-conspirators to evade federal currency transaction reporting requirements by depositing and assisting in the deposit of large sums of cash into accounts at domestic financial institutions through numerous transactions in amounts less than $10,000 in order to avoid triggering the banks' obligation under federal law to file CTRs.

### Manner and Means of the Conspiracy

The manner and means by which **VICTOR RAMIREZ** and his co-conspirators sought to accomplish the object and purpose of the conspiracy included, among other things, the following:

7.     **VICTOR RAMIREZ** agreed with J.G. to use J.G.'s Chase Bank account ending in 3861 to make cash deposits.

8.     **VICTOR RAMIREZ** directed F.D.R. to exchange foreign checks and currency for U.S. dollars totaling in excess of $10,000, and thereafter to make multiple cash deposits in amounts under $10,000 on various dates and into various bank accounts, controlled directly and indirectly by **RAMIREZ**, including J.G's Chase Bank account ending in 3861, in order to avoid

13

triggering the banks' obligation under federal law to file CTRs.

9.      Over the course of the conspiracy, **VICTOR RAMIREZ,** F.D.R. and others directed by **RAMIREZ** deposited cash into J.G's Chase Bank account ending in 3861, and other bank accounts controlled directly and indirectly by **RAMIREZ,** in amounts under $10,000, but together totaling approximately $1,470,400.

### Overt Acts

In furtherance of the conspiracy, and to accomplish the object and purpose thereof, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts:

1.      On or about January 4, 2012, **VICTOR RAMIREZ** made a cash deposit in the amount of $8,498 into J.G's Chase Bank account ending in 3861.

2.      On or about January 5, 2012, F.D.R. made a cash deposit in the amount of $9,330 into J.G's Chase Bank account ending in 3861.

3.      On or about January 20, 2012, F.D.R. made a cash deposit in the amount of $8,925 into J.G's Chase Bank account ending in 3861.

4.      On or about February 14, 2012, F.D.R. made a cash deposit in the amount of $7,126 into J.G's Chase Bank account ending in 3861.

5.      On or about February 17, 2012, **VICTOR RAMIREZ** made a cash deposit in the amount of $9,750 into J.G's Chase Bank account ending in 3861.

6.      On or about February 21, 2012, F.D.R. made a cash deposit in the amount of $9,200.10 into J.G's Chase Bank account ending in 3861.

7.      On or about March 1, 2012, F.D.R. made a cash deposit in the amount of $9,357

into J.G's Chase Bank account ending in 3861.

8.      On or about March 6, 2012, **VICTOR RAMIREZ** made a cash deposit in the amount of $9,012 into J.G's Chase Bank account ending in 3861.

9.      On or about March 6, 2012, **VICTOR RAMIREZ** made a cash deposit in the amount of $879.56 into J.G's Chase Bank account ending in 3861.

10.     On or about March 8, 2012, F.D.R. made a cash deposit in the amount of $9,125.06 into J.G's Chase Bank account ending in 3861.

11.     On or about March 14, 2012, F.D.R. made a cash deposit in the amount of $8,990 into J.G's Chase Bank account ending in 3861.

12.     On or about March 20, 2012, F.D.R. made a cash deposit in the amount of $9,385.05 into J.G's Chase Bank account ending in 3861.

13.     On or about March 27, 2012, F.D.R. made a cash deposit in the amount of $9,224 into J.G's Chase Bank account ending in 3861.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE

### (18 U.S.C. § § 981(a)(1)(C) & 982(a)(1) & 31 U.S.C. § 5317(c)(1))

1.      The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of

certain property in which the defendants, **MATTHEW PISONI, MARCUS PRADEL, JOHN LEON,** and **VICTOR RAMIREZ,** have an interest.

2.     Upon conviction of a violation of Title 18, United States Code, Sections 1341 and 1343, the defendants, **MATTHEW PISONI, MARCUS PRADEL, JOHN LEON,** and **VICTOR RAMIREZ,** shall forfeit to the United States any property, real or personal, which constitutes, or is derived from, any proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c).

3.     Upon conviction of a violation of Title 18, United States Code, Section 1956, the defendants, **MATTHEW PISONI, MARCUS PRADEL, JOHN LEON,** and **VICTOR RAMIREZ,** shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3.     Upon conviction of a violation of Title 18, United States Code, Section 371, the defendant, **VICTOR RAMIREZ,** shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 31, United States Code, Section 5317(c)(1).

4.     If the property described above as being subject to forfeiture, as a result of any ace or omission of the defendant,

       a.     cannot be located upon the exercise of due diligence;

       b.     has been transferred or sold to, or deposited with a third party;

       c.     has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

     5.     The property subject to forfeiture includes, but is not limited to, the entry of a money judgment which sum represents the value of any property involved in the offenses.

All pursuant to Title 28, United States Code, Section 2461(c), Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), Title 31, United States Code, Section 5317(c)(1), and the procedures set forth at Title 21, United States Code, Section 853.

A TRUE BILL

_____

FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
ALEJANDRO O. SOTO
ASSISTANT UNITED STATES ATTORNEY

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|

vs.

**CERTIFICATE OF TRIAL ATTORNEY***

MATTHEW PISONI, et al.,

_____ /    **Superseding Case Information:**
                    **Defendants.**

**Court Division:** (Select One)

|  |  |  |  |
|---|---|---|---|
| _X_ | Miami | _____ | Key West |
| _____ | FTL | _____ | WPB | FTP |

New Defendant(s)          Yes _____   No _____
Number of New Defendants   _____
Total number of counts     _____

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:     (Yes or No)     _NO_
     List language and/or dialect     _____

4.   This case will take  _20_  days for the parties to try.

5.   Please check appropriate category and type of offense listed below:

     (Check only one)                          (Check only one)

| I | 0 to 5 days | _____ | Petty | _____ |
|---|---|---|---|---|
| II | 6 to 10 days | | Minor | |
| II | 11 to 20 days | _X_ | Misdem. | |
| IV | 21 to 60 days | _____ | Felony | _X_ |
| V: | 61 days and over | | | |

6.   Has this case been previously filed in this District Court?     (Yes or No)          _NO_
If yes:
Judge:                              Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?          (Yes or No)     _NO_
If yes:
Magistrate Case No.                 _____
Related Miscellaneous numbers:      _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of  _____
Rule 20 from the _____     District of _____

Is this a potential death penalty case? (Yes or No)     _NO_

7.   Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?     _____ Yes   _X_ No

8.   Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?     _____ Yes   _X_ No

_____
ALEJANDRO O. SOTO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 172847

*Penalty Sheet(s) attached                                        REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: MATTHEW PISONI

**Case No**: _____

Count #: 1

Conspiracy to Commit Mail Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**:       20 years' imprisonment

Counts #: 2-5

Mail Fraud

Title 18, United States Code, Section 1341

**\*Max. Penalty**:       20 years' imprisonment

Counts #: 6

Money Laundering Conspiracy

Title 18, United States Code, Sections 1956(h)

**\*Max. Penalty**:       20 years' imprisonment

Counts #: 7-10

Money Laundering

Title 18, United States Code, Sections 1956(a)(1)(B)(i)

**\*Max. Penalty**:       20 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: MARCUS PRADEL

**Case No**:

Count #: 1

Conspiracy to Commit Mail Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**:          20 years' imprisonment

Counts #: 2-5

Mail Fraud

Title 18, United States Code, Section 1341

**\*Max. Penalty**:          20 years' imprisonment

Counts #: 6

Money Laundering Conspiracy

Title 18, United States Code, Sections 1956(h)

**\*Max. Penalty**:          20 years' imprisonment

Counts #: 7-9

Money Laundering

Title 18, United States Code, Sections 1956(a)(1)(B)(i)

**\*Max. Penalty**:          20 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: JOHN LEON

**Case No**:

Count #: 1

Conspiracy to Commit Mail Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**:          20 years' imprisonment

Counts #: 2-5

Mail Fraud

Title 18, United States Code, Section 1341

**\*Max. Penalty:**          20 years' imprisonment

Counts #: 6

Money Laundering Conspiracy

Title 18, United States Code, Sections 1956(h)

**\*Max. Penalty:**          20 years' imprisonment

Counts #: 7-9

Money Laundering

Title 18, United States Code, Sections 1956(a)(1)(B)(i)

**\*Max. Penalty:**          20 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: VICTOR RAMIREZ

**Case No**:

Count #: 1

Conspiracy to Commit Mail Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty:**          20 years' imprisonment

Counts #: 2-5

Mail Fraud

Title 18, United States Code, Section 1341

**\*Max. Penalty:**          20 years' imprisonment

Counts #: 6

Money Laundering Conspiracy

Title 18, United States Code, Sections 1956(h)

**\*Max. Penalty:**          20 years' imprisonment

Counts #: 10-12

Money Laundering

Title 18, United States Code, Sections 1956(a)(1)(B)(i)

**\*Max. Penalty:**          20 years' imprisonment

Counts #: 13

Conspiracy to Structure Transactions to Avoid Reporting Requirements

Title 18, United States Code, Section 371

**\*Max. Penalty:**          5 years' imprisonment