UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20339-CR-GAYLES

UNITED STATES OF AMERICA,

vs.

MATTHEW PISONI,

Defendant.
_____/

and

BANK OF NEW YORK MELLON    /

### STIPULATION TO SELL REAL PROPERTY: 2430 CASTILLA ISLE, FORT LAUDERDALE, FL 33301-1543

The United States of America ("United States"), Matthew Pisoni ("Defendant"), and The Bank of New York Mellon f/k/a The Bank of New York as Trustee for Certificate Holders of CWALT, Inc. Alternative Loan Trust 2005-31 Mortgage Pass-Through Certificates 2005-31 ("Mortgagee"), collectively referred to as the Parties, hereby enter into this Stipulation to Sell Real Property ("Stipulation").  This Stipulation relates to the real property located at 2430 Castilla Isle, Fort Lauderdale, FL 33301-1543 (the "Property"), and includes all buildings, improvements, fixtures, attachments and easements found therein or thereon, and is more particularly described as:

> Lot 11, Block 4, of Re-amended Plat of a Portion of Lauderdale Shores, according to the Plat thereof, as recorded in Plat Book 15, Page 31, of the Public Records of Broward County, Florida.

> Parcel Id. No. 5042 12 13 0090.

The agreed-upon provisions of the Stipulation are as follows:

**EXHIBIT 1**

1. On May 8, 2015, the Defendant was charged by way of Indictment with conspiracy to commit mail fraud (Count 1) in violation of Title 18, United States Code, Section 1349, mail fraud (Counts 2-5) in violation of Title 18, United States Code, Section 1341, money laundering conspiracy (Count 6) in violation of Title 18, United States Code, Section 1956(h), money laundering (Counts 7-12) in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), and conspiracy to structure transactions to avoid reporting requirements (Count 13) in violation of Title 18, United States Code, Section 371. *See* ECF No. 3. As set forth in the forfeiture allegations of the Indictment, upon conviction of any of the offenses alleged in the Indictment, the Defendant shall forfeit to the United States any property, real or personal, which constitutes, or is derived from, any proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 31, United States Code, Section 5317(c)(1). *Id.* The forfeiture allegations also placed the Defendant on notice that the United States would be seeking a forfeiture money judgment pursuant to Title 28, United States Code, Section 2461(c), Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), Title 31, United States Code, Section 5317(c)(1), and the procedures set forth at Title 21, United States Code, Section 853. *Id.*

2. On May 22, 2015, the United States filed a Bill of Particulars which also placed the Defendant on notice that, if convicted, the United States would pursue forfeiture of specific property listed therein pursuant to 18 U.S.C. § 982(a)(7). ECF No. 17.

3. On May 26, 2015, the United States recorded its Notice of Lis Pendens in the official property records of Broward County, Florida, giving notice that the Property may be subject to forfeiture[1]. *See* Rec. Instrument No. 113008987; ECF No. 36.

4. On July 28, 2017, a jury sitting in the Southern District of Florida returned a Verdict finding the Defendant guilty of one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 and acquitted of all other charges. ECF Nos. 3, 342, 343, 344. Additionally, on the same date, the jury returned a Special Verdict finding that various property, except for the Property at issue, was derived from proceeds traceable to the mail fraud conspiracy. ECF No. 346.

5. On November 14, 2017, the Court entered a Forfeiture Money Judgment and Preliminary Order of Forfeiture of Substitute Assets forfeiting, among other assets, the Property. ECF No. 432. The Defendant has appealed his conviction. ECF No. 473, 477, 479. Defendant was sentenced on November 28, 2017. ECF No. 449 – 452. The Defendant is on bond pending appeal. ECF No. 568. On June 11, 2018, the Court granted the Defendant's motion "for 60 days to file a motion for new trial based on newly discovered evidence recently provided by the Government as well as any discovery related motions." ECF No. 568. The Court directed that the motion be filed within 60 days of the order, i.e., on or about August 10, 2018. ECF No. 568. On August 10, 2018, Defendant filed a motion for new trial and a motion for discovery and an evidentiary hearing. ECF No. 581, 583. That motion remains sub judice. On October 24, 2018, the Court entered an order suspending the briefing schedule on the motion pending the Court's rulings on discovery related matters. ECF

---

[1] The Lis Pendens has been renewed annually on May 25, 2016, May 24, 2017, May 24, 2018, November 4, 2019 and November 4, 2020.

57493564;1

No. 602. On February 27, 2018, the Eleventh Circuit granted Appellant's unopposed motion to stay their appeals pending ongoing District Court proceedings, and directed that one of appellants' attorneys must file a joint status report every 15th of the month. *United States vs. Pisoni, et al.*, No. 17-15545-BB (11th Cir. Feb. 27, 2018). The most recent status report, filed in the Eleventh Circuit Court of Appeals on November 16, 2020, reports that "[t]he status of the case is unchanged," and "[t]he district court proceedings remain pending and unresolved." See *U.S. v. Pisoni, et al*, 17-15545-B, (Appellants' Status Report, Nov. 16, 2020, p. 1).

6.     The Mortgagee has an interest in the Property as owner and holder of a promissory note secured by a first mortgage on the Property in the amount of one million four hundred sixty two thousand five hundred dollars ($1,462,500.00) executed June 2, 2005, recorded in the Official Records of Broward County, Florida at Book 39836, Page 454. An assignment of the first mortgage was recorded on April 18, 2012 in the Official Records of Broward County, Florida at Book 48673, Page 1559. The Parties stipulate that pursuant to the note and recorded mortgage, the Mortgagee has a prior superior interest in the Property.

7.     On December 7, 2017, the Mortgagee, recorded its Lis Pendens in the official property records of Broward County, Florida, giving notice that the Property was subject to foreclosure. See Rec. Instrument No. 114762612. On the same date, a foreclosure action was initiated in Broward County, Florida Circuit Court in *The Bank of New York Mellon vs. Pisoni*, Case No. CACE-17-022117. The Defendant's mortgage loan has been in non-payment default since the February 1, 2014 installment payment. *Id*.

8.     On June 6, 2018, the Mortgagee filed a verified petition and claim to adjudicate its superior interest in the Property (hereafter the "Verified Petition"), seeking recovery of the

unpaid principal, interest and reasonable costs due Mortgagee pursuant to the terms of the note and mortgage executed by Matthew Pisoni on June 2, 2005.   ECF No. 564.

9. The Parties stipulate and agree that Mortgagee has a superior right, title, and interest in the Property as a result of having the Mortgage recorded against the Property prior to the United States' Lis Pendens and forfeiture action.   As of November 11, 2020, the amount due and owing the Mortgagee is as follows: (i) $1,352,998.74 in outstanding principal; (ii) $291,678.51 in interest; (iii) $16,149.11 in outstanding fees; (iv) $293,147.48 in escrows (taxes and insurance).   In total, the Mortgagee is owed approximately $1,952,896.64 as of November 11, 2020, which amount will continue to increase as interest and fees and escrows advanced by the Mortgagee accrue until such amount is paid ("Mortgage Indebtedness").

10. The Parties agree that it is in their collective best interests, to preserve the current value of the Property, by selling it and placing the net proceeds from the sale in the Court's Registry pending further order of the Court presiding over this matter in the United States District Court for the Southern District of Florida ("Court").

11. Counsel for the Defendant has advised the United States that the Defendant wishes to sell the Property during the pendency of this case.   The Defendant is authorized to cause the Property to be listed with an independent listing agent in order to sell the Property for reasonable fair market value subject to the terms set forth herein and in Exhibit A within nine (9) months from the date the Court approves this Stipulation.   A copy of this Stipulation shall be included with the contract engaging a realtor to list the Property for up to nine (9) months. Neither the Defendant nor any member of his immediate family shall be related in any way, financially or otherwise, to any listing agent, broker, or closing agent, or receive any benefit in any way, financially or otherwise, from any listing agent, broker, or closing agent.   The

57493564;1

maximum total agent or broker fee allowed for the sale of the Property shall be no greater than 5%.

12. If the Property has not been sold at the expiration of the nine (9) months, then the Parties agree that the Internal Revenue Service -Asset Forfeiture ("IRS – Asset Forfeiture") or its agent or contractor shall exclusively sell the Property in a commercially reasonable manner subject to the terms set forth herein and in Exhibit A.

13. The Parties agree that the Property shall be sold for a reasonable fair market value price subject to approval by the Parties and the Court. All offers to purchase the Property within the nine (9) month listing period shall be presented to the United States, the Mortgagee and the Defendant. If the Parties agree to the sale of the subject Property for the price offered by the potential buyer, the sale of the Property shall proceed. If the Parties disagree as to the price offered by the potential buyer, the Parties will request a hearing before the Court to resolve the dispute, at which time the Parties shall be permitted to submit evidence supporting the Property's fair market value for the Court's consideration. The Court's decision shall be binding on all Parties.

14. The Parties agree that any appropriate preexisting mortgages, liens, fees, assessments or other encumbrances that have been recorded against the Property, including the Mortgage Indebtedness, shall be paid in full upon closing of title to the Property, as set forth in closing documents, and solely from funds due Seller.

15. For purposes of this Stipulation, the term net proceeds from the sale shall mean the sales price for the Property, less the Mortgage Indebtedness paid to the Mortgagee, any costs incurred in the sale of the Property including, but not limited to realtor fees, brokerage fees, closing costs, documentary stamps, title transfer fees, maintenance and repair costs, and any

Case 1:15-cr-20339-DPG   Document 738-2   Entered on FLSD Docket 04/16/2021   Page 7 of 10

additional accrued principal, interest, fees, and escrows pursuant to the note and mortgage, from November 11, 2020 through the date of closing the sale, unless otherwise agreed to by the Parties.  The Parties agree that the Mortgage Indebtedness shall not be reduced by the costs incurred in the sale of the Property.

16. Upon closing of title to the Property, the United States shall release its lis pendens recorded on the Property.  Upon payment of the Mortgage Indebtedness amount to the Mortgagee, the Mortgagee agrees to dismiss the foreclosure action referenced in paragraph 7 above, discharge the Mortgagee's lis pendens, with the Defendant agreeing to bear his own attorneys' fees and costs associated with the foreclosure action.  The Parties agree to resolve the Mortgagee's claim to the Property consistent with the Stipulation.  The Defendant agrees not to pursue any other claims or actions with respect to the Property and/or any other proceeds from the sale of the Property, other than as set forth in this Stipulation.

17. The Defendant shall comply with the terms of the Occupancy Agreement between him and the United States, or its duly authorized representative.  *See* Occupancy Agreement attached hereto as Exhibit A.

18. Nothing in this Stipulation or subsequent order of the Court approving this Stipulation, is intended to create, and is specifically intended not to create, any rights, property interests or any other legal, equitable or beneficial interests of any kind with respect to any person or entity not a party to this Stipulation.

19. The Parties agree that jurisdiction and venue in this action shall lie in the Court.

20. This Stipulation does not constitute a representation, agreement or admission by any Party as to the merits or lack thereof in the above-captioned criminal case.

7
57493564;1

21. The Parties mutually agree to and do hereby forever release each of the other Parties, and each of the other Parties' officials, officers, employees, agents, parent companies, subsidiaries, and successors, from any claim, liability, obligation, appeal, action or demand, known or unknown, existing or arising in the future, in connection with, arising out of, or incident to the listing for sale, sale, restraint, seizure or forfeiture of the Property and the foreclosure action as long as the Property is sold and/or forfeited consistent with this Stipulation.

22. The Parties agree to bear their own attorneys' fees and court costs incurred in or related to the Stipulation.

23. The Parties agree to execute any additional documents necessary to enforce the terms of the Stipulation.

24. The Stipulation shall be subject to approval by the Court and any violation of any terms or conditions thereof shall be construed as a violation of an order of the Court.

25. The Parties agree that the Court shall retain jurisdiction for the purpose of enforcing the Stipulation.

26. This is the entire Stipulation and understanding between the Parties and undersigned counsel regarding the sale of the Property.

27. The Parties agree that the Stipulation may be executed and delivered in any number of counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which shall constitute one and the same instrument.   A facsimile of a

[THIS SPACE INTENTIONALLY LEFT BLANK]

57493564;1

signature shall have the same legal effect as an originally drawn signature.

Dated: April 5, 2021                                    Respectfully Submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By: *Eloisa D. Fernandez*
Eloisa D. Fernandez
Assistant United States Attorney
Florida Bar No. 999768
U. S. Attorney=s Office
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132
Telephone: (305) 961-9025
E-mail: eloisa.d.fernandez@usdoj.gov

By: *Danielle Croke*
Danielle Croke
Assistant United States Attorney
Florida Bar No. 0723258
U. S. Attorney=s Office
500 S. Australian Ave., 4th Floor
West Palm Beach, Florida 33401
Telephone: (561) 209.1035
E-mail: danielle.croke@usdoj.gov

By: _____
Matthew Pisoni
Defendant
Dated: 4-6-21

By: *Kevin Malek*
Kevin Malek
Florida Bar No.: 121252
Malek Moss PLLC
340 Madison Ave., Floor 19
New York, NY 10173-1921
Telephone: (212) 812-1491
E-mail: kevin.malek@malekmoss.com
Counsel for Matthew Pisoni
Dated: April 8, 2021

9

57493564;1

By: *Nathaniel Callahan*
Nathaniel D. Callahan
Florida Bar No.: 60297
Akerman LLP
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 759-8912
E-mail: nathaniel.callahan@akerman.com
Counsel for Bank of New York Mellon/Shellpoint Mortgage Servicing
Dated: 4/7/2021

57493564;1