UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-20339-CR-GAYLES/McAliley

UNITED STATES OF AMERICA

v.

MATTHEW PISONI et al.
_____/

**Government's Unopposed Third Supplemental Motion for In Camera Review
of Select OPR Record and Authorization to Disclose Portions
of the Select OPR Record Pursuant to the Privacy Act**

The United States requests that this Court conduct a third supplemental in camera, ex parte review of a newly-created record of the Department of Justice's Office of Professional Responsibility (OPR). This requested review involves the recently-created and OPR-amended transcript of OPR's April 21, 2022, interview of H. Ron Davidson, which bears handwritten corrections provided by AUSA Davidson to OPR ("Davidson transcript"). The United States further requests that, upon its completion of this third supplemental review, the Court authorize the government to voluntarily produce the Davidson transcript to counsel for defendants Pisoni, Pradel, and Ramirez, with the redaction of the irrelevant, privileged, and otherwise protected material that has been highlighted, and that the Court make the Davidson transcript subject to the Protective Order (DE: 623) that is already in place.[1]

During the post-trial litigation in this case, the government sought and received from the

---

[1] The prior motions for in camera review and Privacy Act authorization to disclose OPR materials to the defendants are DE: 597, 641, and 653. All three motions were granted (DE: 620, 646, 656, and 675) by Magistrate Judge McAliley, and the redacted materials then were provided to the defendants under the Protective Order entered by the Court.

Court authorization under the Privacy Act to turn over certain OPR materials to the defense. These materials, which were previously turned over with the permission of the Court, included redacted versions of the two written submissions that AUSA Davidson had provided to OPR in 2017 in response to the ongoing OPR inquiry. However, OPR had not conducted an interview of AUSA Davidson while the new trial motion was being litigated.

      On July 16, 2021, this Court held a status conference and orally announced that it intended to grant the defendants' motion for a new trial and that a written order would be forthcoming, but as of the date of the filing of this motion, no written order has been issued. The defendants' motion for new trial was based, in part, on their claims relating to the conduct of AUSA Davidson, and this Court also announced findings concerning AUSA Davidson's conduct, as well as that of other members of the prosecution team, at the July 16, 2021 status conference. Notwithstanding that this Court has already announced that it intends to grant the defendants' motion for a new trial, because AUSA Davidson's conduct has been at issue during the new trial litigation, the government seeks to provide the transcript of his recently-conducted interview to continue to ensure transparency in these proceedings and, out of an abundance of caution, to ensure compliance with any arguable governmental discovery obligations.

      However, because this transcript is covered by the Privacy Act and because its production does not appear to be required by law, the government is not at liberty to provide it to the defendants without a review by the Court and a subsequent order authorizing the disclosure. In making this request, the government readopts and incorporates herein the factual and legal discussion and arguments contained in the original Motion for In Camera Review (DE: 597), which was granted by an order (DE: 620) allowing the government to provide the defense with numerous

redacted OPR records, including redacted versions of the transcripts of OPR's interviews of then-AUSA Levitt, then-Agent Burnham, Inspector Masmela, and co-defendant John Leon.

In addition, because the government is seeking permission to turn over a redacted version of the Davidson transcript, the government also readopts and reincorporates the relevant factual and legal discussion and arguments regarding the redaction issue contained in its Response in Opposition to the Defendants' Second Motion for Discovery (DE: 640) and its Response in Compliance with Paragraphs 4 and 5 of the Court's Order Granting In Part Defendants' Second Motion For Discovery (DE: 668).  In their Second Motion for Discovery (DE: 636), the defendants had sought, *inter alia*, unredacted versions of the OPR records that had been provided to them, and the government opposed their requests (DE: 640, 668).  After carefully reviewing the materials in their entirety, including the unredacted versions of the materials that the government had redacted, Magistrate Judge McAliley entered an order denying the defendants' requests for unredacted versions of these OPR materials, DE: 687 at 11, effectively confirming the propriety of the government's redactions of material that it had maintained was irrelevant, non-discoverable, and otherwise protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, Fed. R. Crim. P. 16(a)(2), and 18 U.S.C. § 3500.

Accordingly, the government asks this Court for permission to submit the Davidson transcript, with the government's proposed redactions indicated by yellow highlighting, to the Court for an ex parte, in camera review.[2]  If, upon its subsequent in camera, ex parte review of

---

[2] To facilitate her review of the defendants' request for unredacted versions of the OPR records originally provided by the government in redacted form, Magistrate Judge McAliley entered orders requiring the government to provide her with the proposed redactions marked in the same

that transcript, the Court finds that the government's interest in disclosing the Davidson transcript and the defendants' need for the information in that transcript outweigh the potential harm to the individuals who have a privacy interest in the information, the government requests that the Court enter an order authorizing the government to disclose the Davidson transcript to counsel for defendants Pisoni, Pradel, and Ramirez through the proposed redacted version that eliminates irrelevant, non-discoverable, and otherwise protected information and opinions, and making the Davidson transcript subject to the Protective Order (DE: 623) entered in this case.

**Positions of Defense Counsel and Other Interested Individuals**

The undersigned have consulted with counsel for the defendants, and they have indicated that they have no opposition to this motion although they reserve the right to seek the unredacted version of the Davidson transcript in the future. Regarding the other interested parties, the government has been informed that AUSA Davidson is not asserting a Privacy Act objection to the disclosure, in redacted fashion and subject to the protective order, of the transcript of his interview. The government also has been advised that former AUSA and now-Judge Levitt waives his Privacy Act rights regarding the Davidson transcript. Former IRS Special Agent Geoffrey Burnham has informed the undersigned that he does not waive any Privacy Act rights he may have regarding the Davidson transcript since he is not permitted to review it. Postal Inspector Bryan Masmela also has informed the undersigned that he is not willing to waive any Privacy Act rights he may have in connection with the Davidson transcript. Former AUSA Kimberly Selmore has indicated that she waives any Privacy Act rights she has in the Davidson transcript. The government has also been informed that John Leon does not waive any Privacy Act rights he may

---

highlighted format referenced herein. *See* DE: 657; DE: 663.

have in the Davidson transcript, while his counsel, Omar Guerra Johansson, does waive any Privacy Act rights he has in that transcript.

**WHEREFORE,** for the reasons set forth above, the government respectfully requests that this Court grant the government's unopposed motion and (1) enter an order allowing the ex parte, in camera submission of the Davidson transcript with proposed redactions, and (2) after the Court's Privacy Act review and consideration, enter an additional order authorizing the government to provide the government's proposed redacted version of the Davidson transcript to the defendants' counsel and making the Davidson transcript subject to the Protective Order that is currently in place. A proposed order allowing the ex parte, in camera submission of the Davidson transcript with proposed redactions is attached for the Court's convenience.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:   *s/Edward N. Stamm*
Edward N. Stamm
Assistant United States Attorney
Florida Bar No. 373826
Tel: 305-961-9164
E-mail: edward.stamm@usdoj.gov

*s/Eduardo I. Sánchez*
Eduardo I. Sánchez
Assistant United States Attorney
Florida Bar No. 877875
Tel: 305-961-9057
E-mail: eduardo.i.sanchez@usdoj.gov

U.S. Attorney's Office - SDFL
99 Northeast Fourth Street, 8th Floor
Miami, Florida 33132-2111