UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20339-CR-GAYLES

UNITED STATES OF AMERICA

v.

MATTHEW PISONI,

Defendant.

## PRELIMINARY ORDER OF FORFEITURE

**THIS MATTER** is before the Court upon unopposed motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture [ECF No. 835] ("Motion") against Defendant **MATTHEW PISONI** (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

1. As relevant here, on May 7, 2015, a federal grand jury sitting in the Southern District of Florida returned a thirteen (13)-count indictment charging the Defendant, among other co-defendants, in Count One with conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. *See* Indictment, ECF No. 3 ("Indictment").

2. The Indictment includes forfeiture allegations that incorporated the allegations contained in the Indictment and provide notice that, upon conviction of the violation charged in Count One, the United States would seek criminal forfeiture of any property, real or personal, which constitutes, or was derived from, any proceeds traceable to such violations, pursuant to 18 U.S.C. § 981(a)(1)(C), as made applicable pursuant to 28 U.S.C. § 2461(c).[1] *Id.*

---

[1] The Indictment contained a scrivener's error listing 18 U.S.C. § 1343 instead of 18 U.S.C. § 1349. The United States corrected the scrivener's error in its Bill of Particulars for Forfeiture by

1

3. On May 22, 2015, the United States filed a Bill of Particulars for Forfeiture [ECF No. 17] in which it identified certain assets as being subject to criminal forfeiture upon conviction of the violation charged in Count One. *See* ECF No. 17.

4. On July 26, 2017, the petit jury impaneled returned its verdict finding the Defendant guilty of only the violation charged in Count One acquitting him of all other remaining violations with which he was charged. *See* Verdict, ECF No. 342. Following its guilty verdict, the petit jury returned a special verdict finding some, but not all, of the assets listed in the Bill of Particulars constituted, or were derived from, proceeds obtained from the conspiracy charged in Count One and the Government obtained a Preliminary Order of Forfeiture [ECF No. 384] for these assets accordingly. *See* Special Verdict, ECF No. 346

5. On November 14, 2017, the government simultaneously moved for entry of a forfeiture money judgment against the Defendant for $26,871,290 (US) ("Forfeiture Money Judgment"), and for entry of a preliminary order of forfeiture of the other assets as belonging to the Defendant as substitute property to partially satisfy the forfeiture judgment, which motion the Court granted on November 20, 2017. *See* U.S. Motion for Forfeiture Money Judgment, ECF No. 423; Order, ECF No. 432. The Forfeiture Money Judgment was subsequently amended to reduce the amount to $24,364,705 (US). *See* Amended Forfeiture Money Judgment, ECF No. 467.

6. On November 18, 2022, upon the Defendant's motion for new trial, the Court entered its order vacating the Defendant's conviction and sentence on Count One and granting him a new trial based largely on what the Court determined was an improper pretrial invasion of the defense camp by the government. *See* Order Granting New Trial, ECF No. 767.

---

providing notice of its intent to forfeit proceeds traceable to a violation of 18 U.S.C. § 1349. *See* ECF No. 17.

CASE NO. 15-20339-CR-GAYLES

7. On January 23, 2024, the Court accepted the Defendant's guilty plea to Count One of the Indictment. *See* Minute Entry, ECF No. 808; Plea Agreement, ECF No. 810. As part of his guilty plea, the Defendant that the following personal property constitutes, or was derived from, proceeds traceable to the violation to which pled guilty is therefore subject to criminal forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(l)(C):

(a) All principal, deposits, interest, dividends, and other amounts credited to checking account number 0049 6463 2633 formerly held at Bank of America, N.A., in the name of Renee Passadore, up to $335,000 (US);

(b) All principal, deposits, interest, dividends, and other amounts credited to money market savings account number 0049 6845 2385 formerly held at Bank of America, N.A., in the name of Renee Passadore, up to $286,000 (US);

(c) All principal, deposits, interest, dividends, and other amounts credited to investment account numbers G1F-155810, G1F-155829, G1F-156264, G1F-156272, G1F-164097, and G1F-156345 held at Suntrust, N.A., in the name of Matthew Pisoni;

(d) All principal, deposits, interest, dividends, and other amounts credited to account number 155124 held at Gonet & CieBanquiers Prives, 6 Boulevard Du Theatre, 11 Rue Bovy-L, Geneva, 5009, in the name of Matthew Pisoni ("**Acct. Ending 5124**");

(e) All principal, deposits, interest, dividends, and other amounts credited to account number 201637122 held at FirstCaribbean International Bank, PO Box N-8350, Nassau, New Providence OC, in the name of Matthew Pisoni ("**Acct. Ending 7122**");

(f) One 2010 Redbird Flight Simulator located at the Palm Beach County Park/Lantana Airport, 2633 Lantana Road, Lantana, FL, titled in the name of **MARCUS PRADEL** ("Simulator"), to include rental income derived from leasing the Simulator after its seizure;

(g) One 1997 Cessna Model 172R airplane, tail number N782WW, serial number 17280295, and the flight logbook pertaining thereto; and

(h) One Beechcraft B-60 airplane, tail number N422SB, serial number P-479, and the flight logbook pertaining thereto.

(collectively, the "Personal Property").

8. In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 809.

9. On February 26, 2024, the Court imposed sentence against the Defendant in this case, which included forfeiture of the Personal Property consistent with his Plea Agreement. *See* Third Amended Judgment, ECF No. 822:6. Additionally, the Court directed the Government to submit a proposed order accordingly. *Id.*

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure the Personal Property is hereby forfeited and vested in the United States of America subject to third-party interests, if any.

2. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

3. Pursuant to 21 U.S.C. § 853(g), no party other than the United States may sell, alienate, alter title, or otherwise dispose of the forfeited property absent further Court order.

4. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

CASE NO. 15-20339-CR-GAYLES

5. If, however, pursuant to 28 U.S.C. § 524(c)(1)(D) and 28 CFR § 0.111(i), the United States intends to pay valid liens on forfeited property in full, then the United States is not required to send notice to those lienholders.

6. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

7. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

8. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a final order of forfeiture and any duly authorized law enforcement agency shall dispose of the forfeited property in accordance with applicable law.

It is further **ORDERED** that prior forfeiture orders, ECF Nos. 384, 432, and 467, are hereby vacated in accordance with the Court's Order Granting New Trial [ECF No. 767].

**DONE AND ORDERED** in Miami, Florida, this _17th_ day of May 2024.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

5